UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TANISHA CROSS,

    Plaintiff,

v.                                  CASE NO.:

MORGAN STANLEY & CO. LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TANISHA CROSS, by and through undersigned counsel, brings this action against Defendant, MORGAN STANLEY & CO. LLC, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under 42 U.S.C. § 1981 ("Section 1981").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates a financial services company in Tampa, in Hillsborough County, Florida.

### GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. Plaintiff is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

13. Plaintiff is an African American woman.

14. Plaintiff began working for Defendant as a Financial Assistant in July 2007, and she worked in this capacity until on or about August 24, 2016.

15. Plaintiff performed the duties of her position with Defendant in a satisfactory manner.

16. In February 2016, Jason Lewis and Tony Puglia, both Caucasian males, became Plaintiff's supervisors and subjected Plaintiff to disparate treatment based on her race.

17. Specifically, Mr. Lewis and Mr. Puglia drastically increased Plaintiff's workload more than her Caucasian counterparts and wrote her up when she was unable to meet their unattainable goals.

18. On or about August 24, 2016, Defendant terminated Plaintiff's employment due to her race.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

19. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 18 of this Complaint, as though fully set forth herein.

20. Plaintiff is a member of a protected class of persons under Section 1981.

21. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's.

22. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

23. Defendant's actions were willful and done with malice.

24. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

25. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of December, 2016.

                    Respectfully submitted,

                    /s/ Luis A. Cabassa

                    **LUIS A. CABASSA**
                    Florida Bar Number: 0053643
                    **WENZEL FENTON CABASSA, P.A.**
                    1110 N. Florida Avenue, Suite 300
                    Tampa, Florida 33602
                    Main Number: 813-224-0431
                    Direct Dial: (813) 379-2565
                    Facsimile: 813-229-8712
                    Email: lcabassa@wfclaw.com
                    Email: twells@wfclaw.com
                    **Attorneys for Plaintiff**